RAYMOND *v.* GRIFFIN & al.

Upon a petition for a new highway, selectmen and road commissioners may lay out a road in part new, and in part over and upon an existing highway.

It is not necessary to the validity of the proceedings of road commissioners' that the route, over which a highway may be laid out, should have been shown to, and examined by them, before the hearing is had by the parties before the commissioners. It is sufficient, if the examination be made after the hearing and before the laying out of the road, provided the parties have opportunities to be present at the examination, and to be heard if they desire it.

It is not a valid objection to the proceedings of road commissioners, that the highway laid out, is of less width than that specified in the petition.

PETITION for a *certiorari.* It alleged, in substance, that at a former term of this court, the respondents filed a petition praying for the laying out of a new highway in the town of Raymond, and that the petition was committed by order of the court to the road commissioners, who made their reports thereon, at the September term of said court, 1850, laying out the road. Upon the coming in of the report, the town of Raymond appeared and objected to the acceptance thereof.

The objections alleged against the acceptance of the report were overruled, and the report accepted, and judgment rendered thereon. Whereupon, the town of Raymond, being aggrieved by the opinion and judgment of the court overruling the objec-

tions aforesaid and accepting the report, filed their bill of exception to said opinion and judgment, stating the grounds thereof, and the same was signed and verified by the presiding justice. One of the grounds of exception was, that the prayer of the petition was for a new highway, and that the way laid out was in part new, and in part over and upon an existing highway. A further ground of exception was, that the route laid out was not shown to the commissioners, nor examined by them, prior to the hearing that was had by the parties before them. As a further ground of exception, it was alleged, and appeared, that the original petition presented to the selectmen, prayed for a highway four rods wide, and that the road actually laid out by the commissioners, was but three rods wide. The other exceptions, specified in the bill of exceptions, were either embraced in those already mentioned, or waived at the argument at the bar.

The petition alleged, further, that for the reasons stated in the said bill of exceptions, the record and judgment aforesaid were unauthorized, illegal and void, and prayed that the same might be quashed. ·

*French*, for Raymond.

1. The petition in this case was for a new highway. The commissioners have widened and straightened an old way. The route of the way laid out by the commissioners runs about one hundred and seven rods on an old highway.

This the commissioners had no authority to do. A power to lay out a new way, and a power to widen and straighten an old way, are not the same. N. H. Rev. Stat., 119.

Chap. 49, § 9, Rev. Stat., does not abrogate all the distinctions, in the modes of proceeding mentioned in all the other sections.

The selectmen were never notified of the necessity of widen¬ing and straightening an old road. They were never asked to lay out the road laid out by the commissioners.

2. The route over which the road is laid out, was never shown the commissioners, nor examined by them, before the

hearing. The town, therefore, had not a proper opportunity to be heard, in reference to that route.

3. The petition being for a road four rods wide, the commissioners had no authority to lay out a road only three rods wide. *Wiggin* v. *Exeter*, 13 N. H. Rep., 307, states the principle applicable to this point. See also *Sumner's Petition*, 14 N. H. Rep., 270. The width of a road stated in a petition is a descriptive and essential part of it.

*Wells*, for the respondents.

WOODS, J. Section 9, chapter 49, Revised Statutes, provides, that upon a petition for a highway, selectmen "may lay out the same across or over any existing highway." By the express terms of the statute then, the power is given to selectmen, in case of a petition presented to them for a new highway, that was exercised by the road commissioners, and sanctioned by the court below, in the present case. The original petition for the highway, in this case, must have been presented to the selectmen of Raymond, and the prayer thereof denied by them, else the present petition could not have been properly presented to the court of common pleas. The land over which the road prayed for passes, lying entirely within the town of Raymond, the jurisdiction of the court of common pleas, and of the road commissioners, was not original in the case, and could be exercised on no other foundation, than that of the petition presented to the selectmen as aforesaid, and their refusal to grant the prayer thereof. And the original petition to the selectmen, must, like the present, have been for a new highway. The application to the court of common pleas was not a new proceeding, but was in the nature of an appeal from the proceedings of the selectmen. The petition in each case must have been for the same highway. Since no objection is taken to the proceedings in that particular, we may properly assume that none existed. Clearly, then, while the petition was pending before the selectmen, they might well have exercised the authority, of which complaint is made, when exercised by the road com-

missioners. The question then, is, whether the road commissioners may, upon a petition before them, similar in its terms to that originally presented to the selectmen, exercise the same power, as to the route of the highway laid out, that may be exercised by the selectmen. Chap. 51, Rev. Statutes, prescribes the powers to be exercised by the road commissioners, in reference to petitions referred to them. Section 2 of that chapter, among other things, provides, in effect, that they shall give notice to the selectmen of the town in which the highway prayed for is, or may pass, and to the owners of land, in the same way as selectmen are required to do.

Section 3, provides, that " they shall make examination, and hear all parties interested, in the same manner as selectmen are required to do, and shall have like powers."

Under the provisions of this last section, we think the road commissioners may well be held to possess the same powers in the discharge of their duties, in reference to such petitions as may be properly referred to them, as may rightfully be exercised by selectmen, in all cases where no restriction is placed upon that exercise in the case of road commissioners, by some express provision of the statutes. In the particular under consideration, we find no such restriction, and are, therefore, of the opinion, that the same power was possessed by the road commissioners, to lay out the road in this case, as we have seen to have been expressly given by the statute, to selectmen, in a similar case.

As to the first exception, therefore, the ruling of the court below is sustained.

A further exception to the proceedings below, and judgment of the court is, that the route, over which the highway was laid out, was not shown to the commissioners, nor examined by them, before the hearing of the parties was had before them. By the facts stated in the bill of exceptions, it appears, that prior to the "first examination and hearing before the commissioners," a part of the road, finally laid out, one hundred and seven rods in extent, a portion of it being, on the route of it, over the old road, and a part over the route of the new portion of the road, was not

shown to them, but an entirely new road was shown them, from one terminus to the other of the road prayed for.

But after the hearing and before the laying out, the commissioners examined the route over which the road was finally laid out by them.

It is not stated in the exception, nor was it suggested at the argument, that all parties had not an ample opportunity to be present at the examination of the route of the road finally adopted, and to be heard thereon, if they desired it. It is the duty of commissioners, as we have seen, to make examination and hear all the parties, in the same manner as selectmen are required to do. Rev. Stat., chap. 51, § 3.

It is made the duty of selectmen, " at the time and place " of hearing, appointed for the purpose, to make " a personal examination of the several routes proposed, and of the highways for which such new highway is designed to be a substitute," and to " hear all the parties interested, who may attend, and any evidence they may offer," &c., &c. Rev. Stat., chap. 49, § 7. It is seen, then, that the statute does not provide in terms, that the examination of the proposed routes, or of the highways for which the new way is designed as a substitute, shall take place prior to the hearing, but only requires that the commissioners shall make a personal examination of the several routes proposed, &c., and shall hear all parties interested, who may attend. Consistently with the terms of the statute, the examination may as well follow, as precede the hearing, in point of time.

By the terms of the act, literally considered, the examination and hearing are both to take place, " at the time and place so appointed " for the hearing. But by a fair and reasonable construction, it is sufficient, if the hearing be at the time ; that is, if it be a part of the whole transaction, of which it is intended to be but a part, made up of the examination, and of the hearing together. That is all that is required. Whether in point of time, the hearing immediately precedes or follows the examination, is immaterial. The provisions of the statutes are as well complied with, and the rights of those interested may be as

well protected, in the one mode as the other. This exception, therefore, cannot be sustained.

Another exception stated in the bill, and relied upon by the counsel for Raymond, is, that the road commissioners have not pursued their authority, inasmuch as they have reported in favor of laying out a highway three rods wide, while the road prayed for, in the petition, was four rods wide.

It is quite clear, that highways in this State can only be laid out upon a written petition, and that they must be laid out substantially, in conformity therewith. A road cannot be laid out upon a route, substantially other and different from that described in the petition, fairly and properly understood according to its legal construction and intendment. *Wiggin* v. *Exeter,* 13 N. H. Rep., 304. The question in the present case is, whether the road commissioners in their report, laying out the same, described a highway, other, and substantially different from that set forth and prayed for in the petition, and such as they had no authority to lay out. By the statutes, no particular width of road is required to be stated in a petition, or laid out by the selectmen or road commissioners, nor is there any such requirement by the rules of court, established in reference to laying out of highways. By no express provision of law, then, is it necessary to lay out a highway of a width other than the public good requires, or to state any width in a petition. But in practice some width is usually stated in the petition. And it may often happen, as it did in the present case, that, in the judgment of the road commissioners, the public interest may not require a road of so much width, as may be set forth in the prayer of the petition, and yet may demand a road of less width.

It is readily seen, that both convenience and economy would be promoted by holding, that in such a case the commissioners have authority to lay out a road of less width than that prayed for. And we discover no evil likely to result from it to any party. It could not be regarded as done in the exercise of an excess of authority in any reasonable sense. It could not be doubted it is in effect conceded, by the exception taken, that

the commissioners might have properly laid out a road four rods wide, upon the route set forth in the petition. If so, it would seem strange logic that would lead to the conclusion, that the commissioners might not, by their authority, take from the owner and appropriate to the use of the public, for a road, a smaller portion of the same territory. Certainly it could work no detriment to the land owner, to appropriate a less quantity of his land to the public use. And it would seem difficult to discover the public mischief likely to result from it. If all be taken that the public exigency requires, there would be economy in the course pursued, in this case, as it would reduce the damages to be paid for the easement, which are often a heavy public burden. Besides, if in such a case, the commissioners should conclude that the public good required a road, but not of the width petitioned for, and yet were not possessed of authority to lay out such narrower way, then it would result, probably, that the petition must fail, and still the costs and burdens of a new petition and proceedings be borne, in order to accomplish the public object in view. It is plain, that the doings of the commissioners in the particular under consideration, should be sustained, if it may be done consistently with the rules of law and the just interests of those concerned, and we are of the opinion, that the commissioners, or selectmen, are well authorized, and may well exercise the discretion, to lay out only such portion of the width of the way prayed for, as in their judgment the public good may require. Such an exercise of jurisdiction will not be an usurpation of power in taking away the land of an individual, not required for the public use. Nor can it be regarded as an exercise of authority, appropriating to the public use, land of an individual, for which no petition has been presented. The result, in such a case, will be the exercise of an authority less than that conferred, or a part only of that possessed. The prayer for the laying out of the road of a greater width, includes a prayer for one of a less width upon the same route. In such a case, the locality of the way laid out, does not differ from that petitioned for. There is nothing in the statutes, as we have seen, inconsistent with the exercise of the authority of the commissioners

as done in this case. And neither the interests of the individuals whose lands are taken, nor of the public for whose advantage, and to whose use they are appropriated, as we apprehend, can suffer any injury from such an exercise of authority. And the opinion in this case, is not in conflict, but is perfectly consistent with the views of the court, as expressed in the opinion in *Wiggin* v. *Exeter*, before referred to, and in *Sumner's Petition*, 14 N. H. Rep., 268, cited by counsel, so far as those cases have any bearing upon the question under consideration.

A discretionary power similar in principle to that exercised in the present case, has been exercised by road commissioners, and sanctioned by the decisions of this court, in the laying out of a way, allowing the same to be laid out either upon a straight line, or upon a line varying from a straight line, as found most practicable and conducive to the public interests, in a case where the road prayed for was from one terminus to another, without any intermediate limit. In such a case the prayer of the petition has been regarded as being substantially pursued, and the road laid out, as being in conformity therewith, whether the road be laid out on a straight line, or on one varying from a straight line, between the two termini. *Wiggin* v. *Exeter*, before cited. Moreover, we think it is quite clear from the provisions of sec. 8, chap. 49, Rev. Stat., that the legislature intended to confer upon selectmen, and consequently upon road commissioners also, a broad discretion both in regard to the locality of the way between the termini and to any other intermediate limits that may be described in the petition. And the question may well arise, whether under the authority of that section alone, notwithstanding the limits of the way specified in the petition, they may not lay out a way of less width than that described therein.

The judgment of the court, therefore, is, that the prayer of the petition be denied, and the

*Petition dismissed.*